IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

|  |  |
|---|---|
| HERITAGE COAL COMPANY, | ) |
| Petitioner, | ) |
| v. | ) No. _____ |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and THOMAS MITCHELL, | ) |
| Respondents. | ) |

PETITION FOR REVIEW OF ORDERS OF THE BENEFITS
REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR

Heritage Coal Company, herewith petitions this Court for review of the decision and order of the Benefits Review Board, United States Department of Labor, in <u>Thomas L. Mitchell v. Heritage Coal Co., et al.</u>, BRB No. 14-0160 BLA issued December 29, 2014, and the order on reconsideration issued March 17, 2015. This Court has jurisdiction to consider this appeal pursuant to Section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c).

Respectfully submitted,

s/Laura Metcoff Klaus_____
Mark E. Solomons
Laura Metcoff Klaus
GREENBERG TRAURIG LLP
2101 L Street, NW, Suite 1000
Washington, D.C. 20037
(202) 533-2362

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2015, a copy of the foregoing Petition for Review of Decision and Orders of the Benefits Review Board, United States Department of Labor was served on the following parties by first-class mail, postage prepaid:

>Dominique V. Sinesi, Esq.
>Office of the Solicitor
>U.S. Department of Labor
>Suite N-2117 FPB
>200 Constitution Avenue, N.W.
>Washington, D.C.  20210
>blls-sol@dol.gov
>
>Shelly Rigsby Struthers
>Southern Illinois and Southwest Indiana
>    Respiratory Disease Program
>Corporate Square
>2901 E. Ohio Blvd., Suite 235
>Terre Haute, Indiana  47803

>                    s/Laura Metcoff Klaus
>                    Laura Metcoff Klaus

BRB No. 14-0160 BLA

| | |
|---|---|
| THOMAS L. MITCHELL ) | |
| ) | |
| Claimant-Respondent ) | |
| ) | |
| v. ) | |
| ) | |
| HERITAGE COAL COMPANY ) | DATE ISSUED: 12/29/2014 |
| ) | |
| Employer-Petitioner ) | |
| ) | |
| DIRECTOR, OFFICE OF WORKERS' ) | |
| COMPENSATION PROGRAMS, UNITED ) | |
| STATES DEPARTMENT OF LABOR ) | |
| ) | |
| Party-in-Interest ) | DECISION and ORDER |

Appeal of the Decision and Order Awarding Benefits of Alice M. Craft, Administrative Law Judge, United States Department of Labor.

Shelly Rigsby Stuthers (Southwestern Indiana Respiratory Disease Program), Terre Haute, Indiana, for claimant.[1]

Laura Metcoff Klaus (Greenberg Traurig LLP), Washington, D.C., for employer.

Before: HALL, Acting Chief Administrative Appeals Judge, McGRANERY and BOGGS, Administrative Appeals Judges.

PER CURIAM:

Employer appeals the Decision and Order Awarding Benefits (2011-BLA-5133) of Administrative Law Judge Alice M. Craft with respect to a claim filed on December 11, 2009, pursuant to the provisions of the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (2012)(the Act). The administrative law judge credited claimant with

---

[1] In a letter to the Board in response to employer's request for an extension of time in which to file a brief, Shelly Rigsby Stuthers reported that she is a lay advocate, assisting claimant with his claim.

thirteen years of coal mine employment and adjudicated this claim pursuant to the regulations contained in 20 C.F.R. Part 718.[2]  The administrative law judge determined that, although the x-ray evidence was insufficient to establish the existence of clinical pneumoconiosis at 20 C.F.R. §718.202(a)(1), claimant established the existence of legal pneumoconiosis at 20 C.F.R. §718.202(a)(4).  The administrative law judge further found that claimant's pneumoconiosis arose out of coal mine employment at 20 C.F.R. §718.203.  The administrative law judge also determined that claimant has a totally disabling respiratory or pulmonary impairment due to pneumoconiosis under 20 C.F.R. §718.204(b)(2), (c).  Accordingly, the administrative law judge awarded benefits.

On appeal, employer argues that the administrative law judge improperly gave binding effect to the preamble to the 2001 regulations and did not properly consider the evidence at 20 C.F.R. §§718.202(a)(2), 718.203(b), and 718.204(c).  Claimant responds, urging affirmance of the award of benefits.  The Director, Office of Workers' Compensation Programs, has not filed a response brief in this appeal.[3]

The Board's scope of review is defined by statute. The administrative law judge's findings must be affirmed if they are rational, supported by substantial evidence, and in accordance with applicable law.[4]  33 U.S.C. §921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

In order to establish entitlement to benefits under 20 C.F.R. Part 718, claimant must establish that he has pneumoconiosis, that the pneumoconiosis arose out of coal

---

[2] Amended Section 411(c)(4) of the Act provides a presumption that a miner is totally disabled due to pneumoconiosis if he or she establishes at least fifteen years of underground coal mine employment, or coal mine employment in conditions substantially similar to those in an underground mine, and a totally disabling respiratory or pulmonary impairment. 30 U.S.C. §921(c)(4), as implemented by 20 C.F.R. §718.305. Amended Section 411(c)(4) does not apply in this case, because claimant did not establish at least fifteen years of qualifying coal mine employment.  *Id*.; Decision and Order at 6.

[3] We affirm, as unchallenged on appeal, the administrative law judge's determination that claimant established total disability at 20 C.F.R. §718.204(b)(2).  *See Skrack v. Island Creek Coal Co.*, 6 BLR 1-710 (1983).

[4] The record reflects that claimant's coal mine employment was in Indiana. Director's Exhibits 4, 7. Accordingly, this case arises within the jurisdiction of the United States Court of Appeals for the Seventh Circuit.  *See Shupe v. Director, OWCP*, 12 BLR 1-200 (1989) (en banc).

2

mine employment, and that the pneumoconiosis is totally disabling. 20 C.F.R. §§718.3, 718.202, 718.203, 718.204; *Gee v. W.G. Moore & Sons*, 9 BLR 1-4 (1986) (en banc). Failure to establish any one of these elements precludes entitlement. *See Trent v. Director, OWCP*, 11 BLR 1-26 (1987); *Perry v. Director, OWCP*, 9 BLR 1-1 (1986) (en banc).

Pursuant to 20 C.F.R. §718.202(a)(4), the administrative law judge initially determined that claimant's treating physicians diagnosed chronic obstructive pulmonary disease (COPD), but they did not identify its cause. Decision and Order at 21. The administrative law judge then considered the medical opinions of Drs. Houser, Repsher and Renn. The administrative law judge stated that she construed Dr. Houser's diagnosis of a moderately severe obstructive impairment due to coal dust exposure and cigarette smoking, as a diagnosis of legal pneumoconiosis.[5] *Id*.; *see* Director's Exhibit 11. The administrative law judge determined that Dr. Houser's opinion was documented and reasoned, and gave it "probative weight." Decision and Order at 21. In contrast, the administrative law judge gave "little weight" to Dr. Repsher's opinion, that claimant's COPD was caused by his cigarette smoking, because Dr. Repsher "did not offer any creditable explanation why he excluded coal dust as a contributing factor to [claimant's] obstructive disease." *Id*.; *see* Director's Exhibit 26. The administrative law judge also discredited Dr. Repsher's opinion on the ground that it was "not consistent with the premises underlying the regulations." Decision and Order at 22. Similarly, the administrative law judge gave less weight to Dr. Renn's opinion, that coal dust exposure was not a contributing factor to claimant's impairment, because she found that Dr. Renn also relied on premises at odds with the regulations and failed to provide "any creditable reason" why coal dust exposure did not contribute to claimant's impairment. *Id*. at 23; *see* Employer's Exhibit 1.

The administrative law judge concluded that the opinion of Dr. Houser outweighed the contrary opinions of Drs. Repsher and Renn and, therefore, was sufficient to establish the existence of legal pneumoconiosis at 20 C.F.R. §718.202(a)(4). Decision and Order at 23. Based on the administrative law judge's weighing of the evidence at 20 C.F.R. §718.202(a)(4), she found that claimant established that his pneumoconiosis arose out of coal mine employment at 20 C.F.R. §718.203. *Id*. at 23-24.

Employer argues that the "[administrative law judge's] decision raises questions as to her impartiality or ability to provide 'just' proceedings," as previous decisions of hers, awarding benefits, "contain identical language that reflect the [administrative law

---

[5] Pursuant to 20 C.F.R. §718.201(a)(2), legal pneumoconiosis includes "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. §718.201(a)(2).

judge's] view of the Department of Labor's preamble, a view that precludes any meaningful defense of a black lung claim." Employer's Brief at 12-13. Employer also contends that the administrative law judge improperly gave the preamble to the 2001 regulations the effect of law when weighing the medical opinion evidence. Employer further alleges that the administrative law judge improperly relied on the preamble to find that Dr. Houser's opinion, diagnosing legal pneumoconiosis, was adequately reasoned and entitled to greater weight than the contrary opinions of Drs. Repsher and Renn. Additionally, employer asserts that the administrative law judge did not accurately characterize Dr. Renn's comments regarding the results of a pulmonary function study. Employer further contends that the administrative law judge erred in relying on the presumption at 20 C.F.R. §718.203(b) to find that claimant's pneumoconiosis arose out of his coal mine employment,[6] as that presumption only applies to establishing the causal connection between coal mine employment and clinical pneumoconiosis.[7]

Employer's allegations of error do not have merit. The Board has held that a party alleging bias or prejudice on the part of the administrative law judge has a heavy burden to satisfy. *See Cochran v. Consolidation Coal Co.*, 16 BLR 1-101, 1-107-08 (1992). Employer's mere citation of the number of cases in which the administrative law judge has awarded benefits, and used language that is identical, or similar, to the language used by the administrative law judge in this case does not satisfy this burden. *See Marcus v. Director, OWCP*, 548 F.2d 1044, 1050 (D.C. Cir. 1976); *Zamora v. C. F. & I. Steel Corp.*, 7 BLR 1-568 (1984).

Furthermore, contrary to employer's contention, the administrative law judge did not give binding effect to the preamble, or rely on it to credit Dr. Houser's opinion without considering whether his diagnosis of legal pneumoconiosis was reasoned. Rather, the administrative law judge acted within her discretion in consulting the preamble as a statement of the medical evidence found credible by the Department of Labor (DOL) when it revised the definition of pneumoconiosis to include obstructive impairments arising out of coal mine employment. *See Zeigler Coal Co. v. OWCP*

---

[6] Under 20 C.F.R. §718.203(b), there is a rebuttable presumption that the miner's pneumoconiosis arose out of coal mine employment if the presence of pneumoconiosis is established and the miner has at least ten years of coal mine employment. 20 C.F.R. §718.203(b).

[7] Clinical pneumoconiosis consists of "those diseases recognized by the medical community as pneumoconiosis, *i.e.*, the conditions characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment." 20 C.F.R. §718.201(a)(1).

4

[*Griskell*], 490 F.3d 609, 24 BLR 2-38 (7th Cir. 2007); *Midland Coal Co. v. Director, OWCP* [*Shores*], 358 F.3d 486, 23 BLR 2-18 (7th Cir. 2004); *Freeman United Coal Mining Co. v. Summers*, 272 F.3d 473, 483 n.7, 22 BLR 2-265, 2-281 n.7 (7th Cir. 2001).

In addition, the administrative law judge acted within her discretion as fact-finder in determining that Dr. Houser's opinion was reasoned. *See Consolidation Coal Co. v. Director, OWCP* [*Beeler*], 521 F.3d 723, 24 BLR 2-97 (7th Cir. 2008). A reasoned medical opinion is one that is supported by underlying documentation. *See Fields v. Island Creek Coal Co.*, 10 BLR 1-19 (1987). As the administrative law judge noted, Dr. Houser examined claimant on April 26, 2010, and obtained a chest x-ray, pulmonary function study, a blood gas study, and an electrocardiogram, in addition to claimant's work and medical histories. Director's Exhibit 11; *see* Decision and Order at 14. Dr. Houser stated that claimant's chest x-ray was negative for clinical pneumoconiosis, while his pulmonary function study showed moderately severe airway obstruction with moderate bronchodilator response. Director's Exhibit 11. Dr. Houser diagnosed moderately severe COPD, "secondary to former cigarette smoking and to exposure [to] coal and rock dust arising from coal mine employment." *Id.* Based on the documentation contained in Dr. Houser's report of his examination of claimant, the administrative law judge permissibly credited Dr. Houser's diagnosis of legal pneumoconiosis as reasoned.[8] *See Poole v. Freeman United Coal Mining Co.*, 897 F.2d 888, 13 BLR 2-348 (7th Cir. 1990); *Amax Coal Co. v. Burns*, 855 F.2d 499 (7th Cir. 1988).

The administrative law judge also acted within her discretion in according less weight to the opinions of Drs. Repsher and Renn, that claimant does not have legal pneumoconiosis, at 20 C.F.R. §718.202(a)(4).[9] The administrative law judge permissibly

---

[8] Employer alleges that Dr. Houser's opinion was "merely an assertion" and, therefore, like the physician's opinion in *Freeman United Coal Mining Co. v. Cooper*, 965 F.2d 443, 16 BLR 2-74 (7th Cir. 1992), it could not constitute a reasoned medical opinion. Employer's Brief at 21. However, in *Cooper*, the physician's opinion consisted of a brief letter and it was not clear whether the physician had relied on any clinical tests or reviewed any evidence in forming his opinion. *Cooper*, 965 F.2d at 449, 16 BLR at 2-80-81. In contrast, Dr. Houser reviewed claimant's medical history, conducted a physical examination and performed diagnostic testing. Director's Exhibit 11.

[9] We note that the regulatory definition of legal pneumoconiosis encompasses diseases or impairments "significantly related to, or substantially aggravated by" coal dust exposure. 20 C.F.R. §718.201(b); *see also* 20 C.F.R. §718.201(a)(2). Thus, a miner may be found to have legal pneumoconiosis when coal dust exposure is not the only factor in his chronic obstructive pulmonary disease.

5

discredited Dr. Repsher's opinion, that claimant's reduced FEV1/FVC ratio indicated that claimant's impairment is not due to coal dust exposure, as she rationally found it was inconsistent with the regulation's use of the FEV1/FVC ratio to establish total disability. *See A & E Coal Co. v. Adams*, 694 F.3d 798, 25 BLR 2-203 (6th Cir. 2012); *J.O. [Obush] v. Helen Mining Co.*, 24 BLR 1-117, 1-125-26 (2009), *aff'd Helen Mining Co. v. Director, OWCP [Obush]*, 650 F.3d 248, 24 BLR 2-369 (3d Cir. 2011); 65 Fed. Reg. 79,943 (Dec. 20, 2000). In addition, the administrative law judge permissibly gave less weight to Dr. Renn's opinion, as she found that he relied on the reversibility of claimant's impairment without addressing the totally disabling impairment that remained, even after the administration of bronchodilators.[10] *See Poole*, 897 F.2d at 895, 13 BLR at 2-355; *Burns*, 855 F.2d at 501. Therefore, we affirm the administrative law judge's determination that claimant established the existence of legal pneumoconiosis at 20 C.F.R. §718.202(a)(4).

We also affirm the administrative law judge's finding, based on her crediting of Dr. Houser's opinion under 20 C.F.R. §718.202(a)(4), that claimant established that his pneumoconiosis arose out of coal mine employment. *See Kiser v. L&J Equipment Co.*, 23 BLR 1-146, 1-159, n.18 (2006); Decision and Order at 23. Accordingly, employer is incorrect in alleging that the administrative law judge erred in relying on the presumption set forth in 20 C.F.R. §718.203(b).

At 20 C.F.R. §718.204(c), the administrative law judge noted that both Dr. Houser and Dr. Renn opined that claimant is totally disabled by his COPD, while Dr. Repsher attributed claimant's total disability to obesity-related conditions, including congestive heart failure. Decision and Order at 25; Director's Exhibits 11, 26; Employer's Exhibit 1. The administrative law judge indicated that Dr. Repsher's opinion was entitled to little weight, because she had discredited his diagnosis of congestive heart failure, and he failed to explain why claimant's obstructive impairment did not contribute to the presence of excess carbon dioxide in his blood. Decision and Order at 25. The administrative law judge discredited Dr. Renn's opinion, that coal dust exposure played no role in causing claimant's totally disabling COPD because, contrary to the administrative law judge's finding, Dr. Renn stated that claimant does not have legal pneumoconiosis. Decision and Order at 25, *citing Toler v. Eastern Associated Coal Corp.*, 43 F.3d 109, 116, 19 BLR 2-70, 2-83 (4th Cir. 1995). The administrative law judge concluded that claimant "established that his disability was caused by

---

[10] As the administrative law judge provided valid rationales for discrediting the opinions of Drs. Repsher and Renn, we need not address the rest of employer's arguments concerning the administrative law judge's weighing of their opinions. *See Kozele v. Rochester & Pittsburgh Coal Co.*, 6 BLR 1-378 (1983).

pneumoconiosis within the meaning of the statute and regulations, based on the opinion of Dr. Houser." Decision and Order at 26.

Employer argues that "the [administrative law judge's] sole reason for discrediting the opinions of Drs. Renn and Repsher on disability causation . . . was her reliance on *Toler* . . . ." Employer's Brief at 24. Employer maintains that the present case is actually more like the situation in *Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 19 BLR 2-304 (4th Cir. 1995), where the United States Court of Appeals for the Fourth Circuit held that "a medical opinion that acknowledges the miner's respiratory or pulmonary impairment, but nevertheless concludes that an ailment other than pneumoconiosis caused the miner's total disability, is relevant because it directly rebuts the miner's evidence that pneumoconiosis contributed to his disability." Employer's Brief at 25, *quoting Ballard*, 65 F.3d at 1193, 19 BLR at 2-315-16. Employer also alleges that the administrative law judge erred in discrediting Dr. Repsher's diagnosis of congestive heart failure, as contrary to her finding, the treatment records document a history of congestive heart failure beginning in 2002.

Employer's contentions are without merit. The administrative law judge's decision to discredit Dr. Repsher's causation opinion, because his diagnosis of congestive heart failure was not supported by the record, is rational and supported by substantial evidence.[11] *See Poole*, 897 F.2d at 893-94, 13 BLR at 2-355-56. In addition, the administrative law judge determined correctly that Dr. Renn's opinion, that claimant's totally disabling COPD was unrelated to coal dust exposure, conflicted with her finding that claimant has legal pneumoconiosis, i.e., "a chronic pulmonary disease . . .

---

[11] Employer identifies page 4 of Employer's Exhibit 4 as the evidence establishing that Dr. Fletcher, claimant's treating physician, diagnosed congestive heart failure. Employer's Brief at 23. Page 4 of Employer's Exhibit 4 is a document entitled "List of Problems" that primarily contains handwritten notes identifying the medical conditions diagnosed during claimant's visits to Dr. Fletcher. Employer's Exhibit 4 at 4. The only entry that appears to refer to congestive heart failure is dated May 2002 and consists of the abbreviations "HTN" and "CHF," separated by the small letter "s" with a line over it. *Id*. Employer does not explain how this entry constitutes a diagnosis of congestive heart failure. The remainder of Employer's Exhibit 4 includes a number of treatment notes referring to "HTN," with no accompanying reference to "CHF." *Id*. at 8, 9, 13, 14, 17, 18, 32, 67. In Dr. Fletcher's reports of claimant's visits on April 6, 2004, April 14, 2005, and May 18, 2005, he indicated that claimant has "HTN w/o CHF." *Id*. at 34, 37, 40. Dr. Fletcher's reports from October 25, 2005, April 25, 2006, June 7, 2006, December 11, 2006, June 18, 2007, December 17, 2007, June 23, 2008, January 5, 2009, July 7, 2009, and June 2, 2010, include the abbreviations and the symbol used in the report of claimant's May 2002 visit. *Id*. at 41, 44, 46-48, 52, 57, 61, 67, 70.

7

significantly related to, or substantially aggravated by dust exposure in coal mine employment." 20 C.F.R. §718.201(c); Decision and Order at 23; Employer's Exhibit 1. Thus, the administrative law judge properly discounted Dr. Renn's opinion on the issue of total disability causation because he did not diagnose the form of pneumoconiosis that the administrative law judge determined was established under 20 C.F.R. §718.202(a).[12] *See Amax Coal Co. v. Director, OWCP* [*Chubb*], 312 F.3d 882, 22 BLR 2-514 (7th Cir. 2002); *Toler,* 43 F.3d at 116, 19 BLR at 2-83; *Peabody Coal Co. v. Shonk,* 906 F.2d 264 (7th Cir. 1990). We affirm, therefore, the administrative law judge's determination that claimant established total disability due to pneumoconiosis pursuant to 20 C.F.R. §718.204(c), and further, affirm the award of benefits.

---

[12] This rationale also applies to Dr. Repsher's causation opinion, based on the administrative law judge's determination that he did not diagnose legal pneumoconiosis. *See Amax Coal Co. v. Director, OWCP* [*Chubb*], 312 F.3d 882, 22 BLR 2-514 (7th Cir. 2002); Director's Exhibit 26.

8

Accordingly, the administrative law judge's Decision and Order Awarding Benefits is affirmed.

SO ORDERED.

_____
BETTY JEAN HALL, Acting Chief
Administrative Appeals Judge


_____
REGINA C. McGRANERY
Administrative Appeals Judge


_____
JUDITH S. BOGGS
Administrative Appeals Judge

**U.S. Department of Labor**  Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 14-0160 BLA
Case No. 2011-BLA-5133

| | |
|---|---|
| THOMAS L. MITCHELL ) | **NOT PUBLISHED** |
| ) | |
| Claimant-Respondent ) | |
| ) | |
| v. ) | |
| ) | |
| HERITAGE COAL COMPANY ) | DATE ISSUED: **MAR 17 2015** |
| ) | |
| Employer-Petitioner ) | |
| ) | |
| DIRECTOR, OFFICE OF WORKERS' ) | |
| COMPENSATION PROGRAMS, UNITED ) | |
| STATES DEPARTMENT OF LABOR ) | |
| ) | |
| ) | ORDER on |
| Party-in-Interest ) | RECONSIDERATION |

As no member of the panel has affirmatively voted to vacate or modify the decision herein, the motion for reconsideration filed by employer is DENIED. 33 U.S.C. §921(b)(5); 20 C.F.R. §§801.301(b), 802.407(a), 802.409.

By Order of the Board:

_Thomas O. Shepherd, Jr._
Thomas O. Shepherd, Jr.
Clerk of the Board


RECEIVED MAR 19 2014

# CERTIFICATE OF SERVICE

2014-0160-BLA Thomas L. Mitchell v. Heritage Coal Company, Director, Office of Workers' Compensation Programs (Case No. 11-BLA-5133)

I certify that the parties below were served this day.

MAR 17 2015
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Dominique V. Sinesi
U.S. Department of Labor
200 Constitution Avenue, NW
N-2119
Washington, DC 20210

Michael Chance
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Shelly Rigsby Stuthers
Southern Illinois and Southwest Indiana Disase Program
Corporate Square
2901 E. Ohio Blvd, Suite #235
Terre Haute, IN 47803
--Certified

Rae Ellen James, Esq.
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
--Electronic

Thomas L. Mitchell
2644 Smith Road
Boonville, IN 47601
--Certified

Hon. Alice M. Craft
U.S. Department of Labor
Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, OH 45202

Laura Metcoff Klaus, Esq.
Greenberg Traurig LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
--Certified